## H. P. EELLS v. ANDREW F. SHEA, ETC.

1. DRAFTS—OFFICER OF CORPORATION—INDIVIDUALLY LIABLE.

> One who endorses a draft, drawn by a corporation, as agent or treasurer (no distinction exists between the two terms or between "Treasurer" and "Treas.") without naming his principal or the company for whom he acts, binds himself individually and cannot show, in a suit upon the draft, the relation existing between himself and his principal or himself and the company, or obtain a reformation of the instrument to show such relation.

WHEN RULE OF ELECTION DOES NOT APPLY IN FAVOR OF OFFICER.

> Unless it conclusively appears that an action against the company was upon the endorsement or acceptance by such officer, who signed the draft as "Treas.," and not against the company as maker, the rule that plaintiff, having elected to sue the company upon the acceptance cannot afterwards sue the officer individually, does not apply; and plaintiff, having failed to recover of the company as maker has a right to sue the officer who endorsed the draft, in the manner stated, as acceptor.

3. JUDGMENT NOT A BAR TO SUIT AGAINST OFFICER.

> A judgment in an action against the company as maker of the draft in question, of "settled, no record; the defendant to pay the costs and judgment for costs entered upon the suit," which would bar another action between the same parties, is not a bar to a subsequent action against the officer individually, as acceptor. Therefore, where such judgment is called in question collaterally, in a suit against such officer individually, it is competent to show the agreement involved in such settlement.

4. NO ESTOPPEL ON GROUND OF LACHES.

> Under the circumstances stated, and where it appeared that the officer in question had funds of the company in his possession which he should have used to pay the draft, and that he failed to do so, and the company then became insolvent, the court held that a delay of two years, in bringing suit against such officer individually, after settlement of the suit against the company, created no estoppel on the ground of laches.

*Hoyt, Dustin & Kelley,* for plaintiff in error.
*E. Sowers,* for defendant in error.

HEARD ON ERROR.

CALDWELL, J.

Andrew F. Shea brought this action in the court of common pleas to recover against H. P. Eells as the acceptor of a draft. The draft was drawn by a company of which Eells was the treasurer and given to him, said to be given to him for the purpose of transferring funds into the banks of Cleveland where the company really had its place of business, although its factory, etc., was at another point. This draft was to H. P. Eells, treasurer, and, when he endorsed the draft, he endorsed it "H. P. Eells, Treas.," that being an abbreviation for treasurer.

Shea sued the company upon the draft, that is, he sued the makers of the draft. It is claimed that he sued them as acceptors of the draft. At the same time he brought that suit he brought another action on account. The company counterclaimed a large amount, some $5,000, as against the liability in these two actions. Those suits were afterwards settled, marked: "Settled; no record; the defendant to pay the costs, and judgment for costs entered upon the suit."

Eells v. Shea.

Something near two years after that, or over a year, suit was brought against H. P. Eells as acceptor of that draft upon his obligation.

It is claimed now, that the acceptance of H. P. Eells was that of the company itself; and, in addition to that, it is claimed that having sued the company, the plaintiff, or the defendant-in-error, could not afterwards turn around and sue Eells as the acceptor of the draft. And it is claimed that the settlement merged the entire draft and all the obligations upon it, into that judgment, and that the company cannot prosecute this action.

It is claimed that the court erred in not holding that the plaintiff below was estopped from prosecuting this action against Eels, and Eels prayed for a reformation of this instrument. It is claimed that the court erred in not reforming the instrument. And there was a claim made, upon the hearing, that the court had not before it sufficient evidence to render the judgment that it did. These propositions were urged as grounds of error against this judgment.

Shea recovered a judgment against Eells, not for the full amount of the draft, but for the amount of the draft less the amount that was evidently allowed in the court below as a deduction from the amount due Mr. Shea on the settlement of the suit there.

Now as to this acceptance by H. P. Eells, treasurer, or "Treas.," we think the law in regard to this is settled in the case referred to repeatedly upon hearing, the case of Robinson v. Kanawha Valley Bank, 44 Ohio St., 441, which settles the law that an instrument of this kind, signed by the party "Agent" or "Agt.," that the party cannot show upon the hearing the relation existing between him and his principal, and that he binds himself by signing in that way. It is claimed, however, that there is a distinction to be made between treasurer and agent. But, in the Cook case, formerly decided by the Supreme Court, the word "Treasurer" was attached to the signature of Cook; and the court there decided it as though he was agent to be shown and referred to the annexed treasurer as though it was agent. But this court will not undertake to assume that the Supreme Court did not know how that draft was signed. The cases generally refer to "Agent," and the Supreme Court, simply in announcing the doctrine, we apprehend, undertook to say that there was no difference between agent and treasurer, and, therefore, treated it as though it had been signed "Agent." And we see no reason for any distinction and we believe none exists between the person signing his name "Treasurer" or "Treas.," or treasurer in full.

The draft, therefore, on its face, as we hold, did not reveal the fact so clearly that the court should have said so to the jury, that that acceptance by Eells was the acceptance of the company; or, in other words, that "H. P. Eells, Treas.," means H. P. Eells, treasurer of this company. That being true, there is no ground for reversal on that point.

The next proposition contended for by plaintiff in error, is, that the proceedings taken by Shea in suing upon this draft, was a suit against the company as acceptors of the draft, treating H. P. Eells simply as the treasurer of the company, and his acceptance being simply that of the company; and having elected thus to sue, it cannot afterwards turn around and sue Eells. In other words, upon an instrument where the principal is liable and also the agent, that if the party with whom the dealing is had, sees fit to sue the principal, he cannot, thereafter, sue

the agent, and *vice versa* ; and if he sees fit to sue the agent as having made the contract with him, he cannot sue the principal as having made the same contract.

In the petition that is filed in that case, there is some language that might tend to show that the suit was brought upon the acceptance ; but nothing is conclusive at all to our minds, and we do not hold that that suit was against the company as acceptors of the draft, but was against them as the makers of the draft. That being true, if they failed to recover of the maker, they could sue the acceptor afterwards. And the grounds of election set forth, do not obtain in the case.

And as to the third point made, that, having elected to look to the corporation, they are now estopped to looking to Eells, it is, in a sense, a repetition of the former point, and, so far as it is, it is not good.

It is sought to carry this point a little further, however, in this: That if the suit was not against the corporation as such on its making the draft, or upon its acceptance of the draft, but was against it as makers of the draft, at the same time Mr. Shea knew that H. P. Eells was treasurer and meant to bind himself only as such, and having sued the makers with that knowledge and after the settlement by which he did not get his pay in full as agreed upon on the settlement, that if he meant to prosecute Eells, that he should have been diligent in so doing, for, by his delay, he has allowed Mr. Eells to believe that he did not intend to prosecute further, and thus misled him so that he is without funds with which to pay the draft.

We have examined the evidence closely upon this to see how Mr. Eells was situated. The company went into the hands of the court very soon after this settlement was made below and after that time Mr. Eells handled no funds with which he would be entitled to exonerate himself from liability upon this obligation ; and prior to that, he was having a large amount of funds pass through his hands, which, it is fair to presume, as we think, were there for the purpose of paying the obligations of the company, which he might have so used and should have so used to free himself from this obligation. So that we see no grounds for estoppel here.

It was claimed on the arguments, that the settlement of the case below merged this whole instrument into that judgment and that the instrument, therefore, as an obligation against any one, no longer exists, but that the whole thing is merged, and merged for this reason, not because if the party had sued Shea and recovered only a part, that he might not recover all from the endorser or the person who accepted for the balance, but that the judgment below purports and is, so far as this trial is concerned, a full settlement of all obligations of the company upon that settlement, and that, therefore, there is no obligation against the person who accepted it.

The suit below was entered, as I have already stated. There was no judgment entered against the company in that suit, for anything, only for costs ; and we believe it to be the law that a suit entered in that way, as a rule settles all controversy between the parties. So that in any future litigation in regard to the same matter, it may be pleaded as a full settlement of everything between the parties. In other words, the courts seem to hold that a judgment of that kind says in effect, that the plaintiff has no claim and that whatever he gets upon that is a matter that does not enter into the consideration of that judgment. In other words, it satisfies him as to that claim.

Eells v. Shea.

But, in this action, it is not between the same parties ; as we have already shown, the word " Treas." after Mr. Eells' name does not relieve him from being the third party, entirely a stranger to this company.   It is simply a description of his person and does not make him the same as the company.

Now, this being true, this is not between the same persons that were parties to the former litigation· and between others.   And that places the matter in this light :   That that judgment cannot be a bar, or cannot be a complete settlement of the matter except as between the parties who were parties to the suit in which the judgment was rendered. The company, therefore, would not be estopped from setting up just exactly what occurred when that judgment was entered ; and thereafter the company did set up that there was an agreement between it and Mr. Shea that Mr. Shea was to receive fifty per cent. of his claim, count-ing interest.   That can be done, we think, where the judgment is called in question, collaterally where the parties are not the same to both suits.

It is said that there was no evidence, and that there is no evidence in the bill of exceptions, as to the terms of that settlement, except it is found in a question that was asked, an intimation that it was on the basis of fifty cents on the dollar of the plaintiff's claim.   But we find, in examining the pleadings, that the company set up fully the terms of that settlement in its amended answer, and the reply admits it as true.   So, of course, nothing would be found in the testimony upon that point, it being an admitted point.

It is claimed that the court erred in not reforming that instrument. Now, if what I have said already is true, that Mr. Eells could not rely upon the trial that he was merely the treasurer of the company and that what he did the company did, and he did not bind himself personally, if that is the law of the case, then of course, the court should not have reformed the instrument, for, in undertaking to reform it, it would neces-sarily violate that rule of law.   It would have to set out, the evidence would have to show that Mr. Eells did not intend to bind himself ; that Shea knew that fact, and that when he accepted this instrument from the person who endorsed it over, he knew it was not the endorsement of Eells personally but the endorsement of the company.   And all that was barred out under Robinson v. Kanawha Valley Bank, *supra ;* and, in the light of that, we think no error occurred in the court refusing to affirm the judgment.

The cause is remanded.